MICHAEL FORD, PLAINTIFF-RESPONDENT, v. ROMAN CATHOLIC CHURCH OF OUR LADY OF MOUNT CARMEL, RIDGEWOOD, NEW JERSEY, A CORPORATION, DEFENDANT-APPELLANT.

Decided April 27, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *W. N. Groenendyke* (*Alexander H. Jackson,* on the brief).

For the defendant-appellant, *Stickel & Stickel* (*Frank J. Davies,* on the brief).

PER CURIAM.

The action is on stop-notice under the Mechanics' Lien law. Defendant, the owner, made a building contract with a contractor who sublet the masonry work to a subcontractor. The latter in turn sublet a portion of his work to the plaintiff. The plaintiff, claiming a payment was due him, made demand on his superior, namely, the subcontractor, and was not paid. He thereupon served stop-notices on the owner and the contractor. Plaintiff sued the owner, now the defendant-appellant, and in the complaint alleged *inter alia* that "the defendant at the time notice was given to it as aforesaid was, and at all times since, has been satisfied of the correctness of plaintiff's demand." The answer made denial of that allegation. An issue was thus raised. This was followed by a motion to strike the answer. It appeared by the supporting affidavits

produced by the defendant that the main contractor disputed the claim, required that it be established by judgment, and so notified both the claimant and the owner.

It also appears from the affidavits that the subcontractor, who sublet in part to plaintiff, had become insolvent and abandoned the contract, and that the main contractor had been obliged to complete the job at such expense as that not only did nothing remain due the subcontractor, but that a large sum was owing from him in damages for the default.

It is the statutory requirement (Mechanics' Lien act, section 3, 1 *Cum. Supp. Comp. Stat., p.* 1851) that the owner "on being satisfied of the correctness of said demand shall pay the same." That the owner is justified in defending when he has reasonable grounds to doubt the correctness of the claim, is well established. *Reeve* v. *Elmendorf,* 9 *Vr.* 125; *Reeve* v. *Kernan,* 85 *N. J. L.* 641.

The court below took the position that the dispute by the contractor should have been alleged specifically in the answer. We think that the matter was sufficiently pleaded, that the defense is not sham, and that, if sustained, it is valid in law. Quite clearly the owner, in its own protection, is entitled to have the dispute determined by judgment.

The judgment below will be reversed.